```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

JOHN W. THAXTON and
KATHY L. THAXTON,

    Plaintiffs

v.                                                CIVIL ACTION NO. 2:05-0858

NOVASTAR MORTGAGE, INC.,
a corporation, SHARYN HARPER,
d/b/a NEW TRUST FINANCIAL CORPORATION,
LONG BEACH MORTGAGE COMPANY, a
corporation, SYNERGY MORTGAGE
CORPORATION, RESOURCE REAL ESTATE
SERVICES LLC, WASHINGTON MUTUAL INC.,
d/b/a WASHINGTON MUTUAL HOME LOANS,
INC., a corporation.

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending before the court is (1) the motion of defendants Washington Mutual, Inc. ("Washington Mutual") and Long Beach Mortgage Company ("Long Beach"), filed November 3, 2005, seeking dismissal of Count IV of plaintiffs' complaint, titled "Predatory Lending"; (2) the motion of Synergy Mortgage Corporation ("Synergy"), filed March 14, 2006, seeking to dismiss the cross-claim of Washington Mutual and Long Beach against it; (3) the motion of Washington Mutual and Long Beach, filed March 28, 2006, seeking leave to file cross-claims against Synergy and

1

others.

I.

According to the allegations in their complaint, in April of 2005, plaintiffs had a discussion with a loan broker, defendant Sharyn Harper.  (Compl. ¶ 8(a).)  During the conversation, plaintiffs expressed an interest in consolidating their debt and obtaining cash to pave their driveway.  (Id.)  Harper represented that she did credit restoration and could reduce plaintiffs' monthly mortgage payment, and further informed plaintiffs this reduction would involve two loans: the first loan to fix their credit and a second lower payment loan to follow.  (Id. at ¶ 8(c).)

Harper subsequently arranged for the refinancing of plaintiffs' current loan with defendant Novastar Mortgage Inc. ("Novastar").  (Id. at ¶ 9.)  The new loan placed plaintiffs in an adjustable rate mortgage, increased their indebtedness, and added $6,500 in closing costs to the loan.  (Id. at ¶ 9(b).)  Shortly thereafter, Harper informed the plaintiffs that they could proceed with the second loan.  (Id. at ¶ 11.)  At the July 27, 2005, closing for this loan the plaintiffs observed the monthly payment amount on the loan and refused to proceed.  (Id.

at ¶ 12.)  On August 3, 2005, Novastar informed plaintiffs that their loan had been paid in full.  (Id. at ¶ 13.)  One week later, on August 10, 2005, plaintiffs received a statement from Washington Mutual, an entity with whom they had not dealt, stating that they owed a monthly payment of $1,739.  (Id. at ¶ 14.)  Upon inquiry, plaintiffs received an allegedly forged note from Washington Mutual.[1]  (Id. at ¶ 15.)

On September 16, 2005, plaintiffs instituted this action in the Circuit Court of Kanawha County, West Virginia.  Plaintiffs' complaint contains claims of illegal mortgage solicitation, breach of fiduciary duty, unauthorized practice of law, "predatory lending," fraud, joint venture/conspiracy/agency, and violations of both the Credit Repair Organizations Act and Truth in Lending Act.  On October 26, 2005, defendants removed this action contending federal jurisdiction was proper inasmuch as plaintiffs had asserted federal claims under the Credit Repair Organizations Act and the Truth in Lending Act.  On October 28, 2005, the court entered an Order and Notice which established November 17, 2005, as the deadline for the filing of any cross claims.

---

[1]This note appears to have been purchased from defendant Synergy.

3

On February 23, 2006, Washington Mutual and Long Beach filed cross-claims against Harper, Resource Real Estate Services, LLC ("Resource") and Synergy seeking indemnity and contribution. On March 14, 2006, Synergy moved to dismiss the cross-claim asserted against it as untimely. In response Washington Mutual and Long Beach subsequently filed (1) a motion seeking leave to assert the cross-claims as previously filed and (2) a response to Synergy's motion to dismiss. On March 20, 2006, Washington Mutual and Long Beach sought an amendment of the court's scheduling order noting that Harper, a "necessary and indispensable party to this action," had yet to be served and had only recently been located in Ohio, and by order dated April 12, 2006, the court granted this motion and extended the discovery deadline by approximately eight months.

## II.

A motion to dismiss for failure to state a claim should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in the

light most favorable to the plaintiff. <u>Mylan Laboratories, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993), <u>cert. denied</u>, 510 U.S. 1197 (1994) (citations omitted).

III.

A. <u>Motion to Dismiss Plaintiffs' Predatory Lending Claim</u>

The allegations contained in plaintiffs' claim for predatory lending read as follows:

COUNT IV-PREDATORY LENDING

33. On information and belief, the defendant brokers and lenders have engaged in a pattern of predatory lending practices to make illegal loans in order to transfer home equity from homeowners to the defendants.

34. The plaintiffs were not provided any contradictory [sic] explanations of the loan. This practice leads to confusion as to the loan terms.

35. The following substantively unfair terms were included in the plaintiff's [sic] loan agreement without their knowledge, and constituted an unfair surprise to the plaintiffs:

    (a) Excessive fees and costs;
    (b) Finance charges that were represented to the plaintiffs to be principal, thereby making their interest charges higher than represented;
    (c) Payments that were not as represented;
    (d) Forgery;
    (e) Undeclared fees.

36. The loan issued by the defendants left the plaintiffs far worse off than they were with their

existing home financing, and put them in jeopardy of losing their home.

37. The mortgage broker payments were illegal and unconscionable in violation of West Virginia Code section 46A-2-121(b) and W.Va. Code § 31-17-8(m)(4).

38. The defendants unconscionably induced the plaintiff to enter into a substantively unfair agreement, in violation of West Virginia Code section 46A-2-121.

39. The loan issued the plaintiffs was unconscionable, under all circumstances alleged, at the time it was made and/or was induced by unconscionable conduct, and therefore was unenforceable under West Virginia Code section 46A-2-121.

In support of their motion, Washington Mutual and Long Beach contend in essence that "predatory lending" does not exist as a cause of action under West Virginia law. Plaintiffs respond noting that the phrase "predatory lending" has been recognized by a number of courts, including the West Virginia Supreme Court of Appeals. Plaintiffs further maintain that defendants have ignored their claims that the mortgage broker payments were unconscionable and the agreement was induced by unconscionable conduct.

While the phrase "predatory lending" has been used by government officials, consumer groups and courts, plaintiffs have cited no authority, and the court is aware of none, for the proposition that West Virginia law recognizes an independent

6

cause of action for predatory lending. In West Virginia, unscrupulous lending practices give rise to claims under the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101, et seq. ("WVCCPA"). Even plaintiffs concede that "[t]his case is about predatory lending, but the cause of action is for unconscionable inducement, a statutory violation." Inasmuch as the WVCCPA contains no mention of predatory lending and inasmuch further as West Virginia does not recognize a common law cause of action for predatory lending, plaintiffs' claim for predatory lending fails to state a claim upon which relief can be granted.

Although plaintiffs may not assert an independent cause of action for predatory lending, this does not mean that the entirety of plaintiffs' claim under Count IV must be dismissed. As plaintiffs correctly note, and Washington Mutual and Long Beach do not dispute, plaintiffs may assert unconscionability claims under § 46A-2-121 of the WVCCPA. As a final note, to the extent the parties are disputing the use of the phrase "predatory lending" the parties may brief this issue in the context of a motion in limine to be filed at least one week prior to trial.

B.   <u>Synergy's Motion to Dismiss Cross-Claims</u>

Synergy contends that the cross-claims asserted by Washington Mutual and Long Beach are untimely and should be dismissed. In addition to dismissal of the cross-claims, Synergy maintains it is entitled to an award of attorney fees and costs. In support of its motion, Synergy notes that the cross-claims were filed on February 23, 2006, approximately three months after the November 17, 2006, deadline set by this court in its order and notice, entered October 28, 2005. Synergy further notes that, inasmuch as Washington Mutual and Long Beach participated in no discovery prior to the filing of the cross-claims, the facts known to Washington Mutual and Long Beach on November 17, 2005, have not changed, and "there is simply no reason why they waited until three months after the [November 17, 2005] deadline to file their cross-claims."

In response to this motion and in support of their motion seeking leave to assert cross-claims, Washington Mutual and Long Beach note that (1) current counsel for Washington Mutual and Long Beach were not substituted as counsel until December 27, 2005, and were unaware of the November 17, 2005, deadline contained in the order and notice; (2) the cross-claim against Synergy has merit inasmuch as Synergy executed an

agreement in which it expressly agreed to indemnify Long Beach; (3) through no fault of the parties, co-defendant Harper has yet to be served, and it is their belief the parties have refrained from conducting discovery initially to give plaintiffs ample time to locate and serve Harper; and (4) Synergy will not be prejudiced by permitting the cross-claim to proceed, especially if there is additional time to conduct discovery.  Alternatively, Washington Mutual and Long Beach suggest that if the court dismisses the cross-claim, it should do so without prejudice, and permit Washington Mutual and Long Beach to file a separate action for indemnification.  Synergy has not responded to the motion of Washington Mutual and Long Beach seeking leave to assert cross-claims nor has Synergy replied to Washington Mutual and Long Beach's response to Synergy's motion to dismiss the cross-claim against it.

Having reviewed the parties' respective motions, the court concludes that the motion of Washington Mutual and Long Beach should be granted, and Synergy's motion should be denied.  The court begins by noting that Harper, who played an integral role in the solicitation of the two loans, and who has been described by Washington Mutual and Long Beach as a "necessary and indispensable party," has yet to be served.  The docket further

reveals that the parties appear to have delayed conducting discovery, presumably awaiting the appearance of Harper. Moreover, Synergy will not be prejudiced by the late assertion of the cross-claim, which at first blush appears to have merit, inasmuch as they will have additional time to conduct discovery and fully develop any applicable defenses. Finally, it would serve the interest of judicial economy to have the cross-claim resolved in this action, rather than in a separate action for indemnification.

## IV.

In light of the foregoing discussion, it is accordingly ORDERED that:

The motion of Washington Mutual and Long Beach seeking to dismiss plaintiffs' claim for predatory lending be, and it hereby is, granted to the limited extent it seeks to dismiss plaintiffs' proferred cause of action for predatory lending, and denied to the extent is seeks to dismiss the remainder of plaintiffs' claims contained in Count IV;

The motion of Washington Mutual and Long Beach seeking leave to assert the cross-claims filed by it on February 23, 2006, be, and it hereby is, granted;

Synergy's motion seeking dismissal of the cross-claim against it, filed by Washington Mutual and Long Beach on February 23, 2006, be, and it hereby is, denied, with each party to bear its own costs;

The Clerk is directed to forward copies of this order to all counsel of record.

DATED: April 20, 2006

John T. Copenhaver, Jr.
United States District Judge

11